We have four cases on our calendar this morning. Veterans Appeal, a trade case, two government employee cases, one of which is being submitted on the briefs and not being argued. And the first case is Sandra Hupp v. Secretary of Veterans Affairs, 2008-7059, Ms. Wischow. May it please the Court, I represent Sandra Hupp, the widow of Billy Hupp, a Vietnam veteran who died in 1999 of leukemia. After his death, at his death, Mr. Hupp had a claim pending for service connection. You just want the accrued benefits claim to be treated the same way as the DIC claim, right? In a nutshell, that's correct. And the government has no argument as to why they shouldn't be treated the same way? Basically, that's correct, Your Honor. So why are we here? I know you asked for reconsideration. I mean, wouldn't this matter have been resolved if both parties had asked the CABC for clarification on what it meant? Well, the government filed a motion to remand this case for that very reason, and the motion was denied. So we're here. But isn't the DIC case going back? Yes, it is. And the issue there is service connection. That's correct. And the accrued benefits case is based on service connection too, isn't it? It is. So I repeat the same question to my colleague. Why are we here if the case is going back on service connection because of the DIC claim? Because the accrued benefits claim will not go back. The Veterans Court in its... Are you worried that the government is going to argue that you lost the rights with respect to the accrued benefits claim because it was a final judgment and... That's correct, Your Honor. The board denied the claim. The Veterans Court affirmed that denial, and that means the accrued benefits claim is gone. She cannot refile it on a nonmaterial evidence basis because an accrued benefits claim has to be filed within a year of death. So Mrs. Hupp can't refile this claim. And since the Veterans Court affirmed the denial of the claim, the claim is gone at this stage. So in terms of the question I asked earlier, so the government asked for a remand. At this stage, yes. Oh, you mean here, while we're here. That's correct. Is that order in the record, in the appendix? No, Your Honor, I don't believe it is. It asked for a remand to the CAVC. Who did it ask? To be sent back to the CAVC to clarify. It asked the CAVC to clarify. Exactly. And the CAVC said no. No, Judge Rader denied the motion and said that we should go ahead and brief it and argue the case. Were you agreeable to, did you join or were you agreeable to a remanding it to the CAVC? As I told Mr. Hockey and as he mentioned in his motion, I would not oppose it. I would prefer to have the decision reversed. Well, why don't we go back to the CAVC? Would we say, well, we don't know, maybe you had a basis for rejecting this on abandonment or? That's the government's position. My position, although, you know, that would be an alternative because I don't think there is any basis on which to affirm that denial of accrued benefits, is that the CAVC clearly did not apply the rule of law in 7261, which requires them to vacate any decision of the board that's not made in accordance with law. They already found that the board's decision wasn't in accordance with law because they didn't discuss the positive medical nexus opinion, which was of record prior to Mr. Hub's death, so there's no question that that applies to the accrued benefits. So what happened here? I mean, was it just a complete oversight here? It's extremely difficult to tell, Your Honor, from the decision of the Veterans Court. Well, the Veterans Court said that counsel conceded that the distinction between the accrued benefits issue and the DIC claim was not adequately covered and that her arguments were not clearly delineated. It almost sounds like a lack of proper argument or presentation of facts. But then if we look at the second sentence, indeed, which seems to suggest that it's referring to the prior sentence, she has failed to raise any specific argument as to how VA's notice to her was defective. And it's absolutely correct. We did not argue VCAA defective notice in regard to the accrued benefits issue because I don't believe it's even applicable to an accrued benefits claim. But what is there reviewable by us relating to the accrued benefits claim? The fact that they failed to apply Section 7261, which requires them to vacate and remand a decision of the Board, which is made without regard for the proper procedures of law. Veterans Court already said that the failure to consider that 1995 exam rendered the Board's opinion improper. It's hard for me to read the CAVC decision as resting on an abandonment notion since both parties briefed the service connection claim as though it were applicable equally to both the DIC and the accrued benefits claim. That's correct, Your Honor. And, in fact, it all revolved around that issue of the 1995 medical opinion, which supported Mrs. Hupp's claim and which was not considered by the Board. That was the issue involved. It applied to accrued benefits. It applied to DIC benefits. So you want the case to be back on remand on both issues. Exactly. Each of which ultimately is bottomed on service connection. That's correct, Your Honor. And how do we accomplish that? You ask us to reverse the Court of Veterans Claims? I mean, if we vacate the Court of Veterans Claims and then tell them, do we have a jurisdiction to vacate the Board? I mean, they, with respect to the DIC, vacated the Board's decision. Correct. Do we have jurisdiction to vacate the Board decision? How does that work? Well, you would have jurisdiction to reverse the Veterans Court Affirmative Board's denial because of failing to apply 7261. So we reverse the CAVC and tell them to send it back to the Board. That's correct, Your Honor. That would be, I think, the appropriate thing in this case since they've already made the finding. Has anything happened in the Board? I mean, is the Board in the process of reviewing on remand the underlying question? This won't even go back to the Board until all of the court proceedings are resolved. So the file doesn't get sent back to the Board until everything is done at the judicial level. So Mrs. Hupp's service connection claim for DIC is pending a decision on this. Once the accrued benefits claim is decided one way or the other, whether or not it's going back, then we'll move on with the DIC claim at the Board. It looks like you want to save your rebuttal time even if it's extensive in length. It doesn't sound as if there's anything more for me to say at this point, so I will, in fact, sit down and respond after Mr. Hockey speaks. Thank you, Your Honor. Mr. Hockey is going to straighten us out. May I please the Court? Our red brief was an attempt to try to figure out what the Veterans Court did in this case. And to try to provide some sort of path for this Court to take. At bottom, I think the case should go back simply to have the Veterans Court clarify what it held in this case. So why didn't you all do that jointly after the decision was issued? Before the Veterans Court? Yes. I don't know. But when we got the case, we looked at the decision and came to the conclusion that we couldn't make. That's the tales of exactly what happened to the accrued benefits claim in this case. Well, they dismissed. I mean, they affirmed the Board. We know what happened. They affirmed the Board. The decision talks about affirming the Board in terms of the notice issue, but it didn't make sense based upon the facts that it also affirmed the denial on the reasons and bases issue. Yes, but ordinarily it doesn't make sense because nobody can come up with the rationale that's legal. So why isn't the answer, I mean, why don't we give them what we say, here's a do-over because we're assuming you must have done the legal things to come up with the rationale. Why don't we just do this as your colleague suggests and send it back? Well, from our perspective, there's the question of jurisdiction. So we don't believe this Court has jurisdiction in this particular case to say, okay, you erred in not sending the accrued benefits claim back under a reasons and bases theory without some clarification from the Court as to whether or not there's been some sort of legal interpretation that caused them to do that. Well, the legal interpretation is you're supposed to treat similar things identically. Why isn't that a legal issue? But the response would be there may have been, as Judge Proh suggested with respect to the notice issue, there may have been some reason that would have involved the application of a lot of fact that led the Veterans Court to distinguish in this case between the accrued benefits claim and the DIC claim. Do you really believe that? I mean, I've read the pleadings before the Court of Appeals for Veterans Claims, and both of you, both the government and the appellant here, treat it as a single issue applicable to both the DIC and the accrued benefits claim. We think that in the context of this case, clearly, both claims depend upon the same 1995 medical examination. And you treated it that way before the Veterans Court. Right. But that doesn't mean as a matter of law that always accrued benefits claims and DIC claims are. No, but in this case, I mean, there's no basis for distinguishing between the two of them, is there? Right. There's no reason that we can think of on these facts. And this is the problem that we have when we don't want to ask this court to go back and vacate Veterans Court's decisions. So you agree that in this case they ought to be treated the same way. In this case. So why shouldn't we send it back and tell them to do that? Well, the way that I think the court could do that within its jurisdiction is to say, we don't understand why you've made this distinction in this case. Well, no, but to say it another way, as you would agree, there is no legal basis for making this distinction unless you were thinking about something else. So get another chance to explain to us what you may have been thinking of that you didn't articulate. We don't do that in most cases, do we? No. The case we cited in our papers simply says that the court has remanded at least one case, in other maybe non-presidential cases, where they just couldn't tell from the decision below whether or not an issue was raised within its jurisdiction. And that's what we think. I mean, we think, we don't know exactly what happened. Frankly, we think that the Veterans Court probably just overlooked the fact that the accrued benefits claim was out there and should have probably gone back under the same reasons and basis theory as the DIC claim. But it's not clear, it's not clearly articulated at all in their decision. How could it have been overlooked when there's a separate category, D, accrued benefits? Right. And I agree, but then as counsel informed, the response, the language of that section is all about the notice error. So this is, you would have expected under the reasons and basis discussion that there would have been a recognition that, you know, in this particular case, both the DIC and the accrued benefits relate to this 1995 medical opinion. It sounds like everyone thinks this all should go back. It's a possible question about jurisdiction, law to fact. Right. So that's why our sort of resolution was to suggest, and first our motion to remand, and again, in this, in our second argument under Roman numeral three in our brief, was to send it back with a strong message that says, hey. Well, wait a minute, but it presents a jurisdictional question, why? Because we think there may have been a reason that wasn't articulated or referenced in a deeper form. Which could have. So therefore, we don't have jurisdiction because there may, although there's no basis for believing, reading the record, that the CAVC may have been thinking about something else that they didn't articulate, so we don't have jurisdiction. The CAVC may have made some sort of misinterpretation of 7261. We don't think that on this decision you could reach that issue because it's not clear that they did. Let me put it this way. Suppose we remand to the Veterans Court, which we're going to do, it sounds like. Everybody agrees that in some form or other we're supposed to do that. Would you argue on the remand that somehow the DIC claim and the accrued benefits claim should be treated differently? No, not on these facts. That's why we're here. Doesn't seem to me we're arguing about anything here. Or at least not on service connection. I mean, just to let them know. There are aspects to the accrued benefits claim, documents in the record and doing payable and all that. Absolutely. I mean, not to suggest that in every case an accrued benefits claim is inextricably intertwined with a DIC claim. But for purposes of this particular remand that occurred by the Veterans Court with respect to the reasons in Basie's error, there does appear to be an overlap with respect to the DIC claim and the accrued benefits claim, and the failure to remand the accrued benefits claim in this case is not adequately explained. So we don't know whether they tried to interpret some statute or rule of law to get there or they just decided that if they did. You agree if they did that they were wrong. Pardon me? You agree that if they did, they were wrong. We are not aware of any basis. Correct, Your Honor. We're not aware of any basis under these facts that would have allowed them to get there. So to the extent that satisfies your question, that that's the answer. Again, our only concern is that we recognize that this Court has limited jurisdiction with respect to application of law and fact. And one could argue that ultimately, if properly raised either by the decision itself or, you know, by a particular argument, there could be a law and fact question. We don't want to concede at all that this Court suddenly has jurisdiction. But there could be a law and fact question if anybody can conceive of any basis. I mean, your answer, it seems to me, to Judge Dyke's question, answers the question about whether or not there is a law and fact. Not as far as any of us can come up with, having all looked at the record. But we also can't come up with a legal basis either. The record just doesn't tell us why. Right, but if it's a legal question, then we get to decide it, right? And we all agree there is no legal basis for doing it. That's what our job is. If there was a legal question that led them to interpret or led them to distinguish between these two claims in this particular case, then this Court would have jurisdiction over that interpretation. We just don't see that interpretation. But we also don't understand why they didn't do that. Is your position that because there's no factual basis for distinguishing it, and you can't think of a legal basis, we have no jurisdiction to correct the error? What I think that the Court should do in that situation is ask the Veterans Court why it did what it did, because it doesn't seem to make any sense based upon the language of the decision. Then they explain it and it comes back up here again. Then if they say... That would have resolved the basic issue. That would have resolved the issue. In other words, if they came back and said, well, no, our statement about abandonment applied also to the accrued benefits claim, well, then you'd have a legal, I mean, an application of law to fact argument. But you'd be agreeing that they were wrong when they did that. You agree there's no basis in terms of abandonment to deny the remand here, right? Well, I mean, I think that's a question for the Veterans Court, but it does appear that the issue was raised by both parties. There may have been some question about the use of the term veterans position rather than distinguishing between reasons of basis, I mean, accrued benefits and DIC when talking about reasons and basis. But I think it's fair to say that, you know, that it was raised. Thank you, Mr. Hockey. Thank you. Ms. Bushell has plenty of rebuttal time and plenty of material to attempt to rebut or to agree with. I don't believe there's much that I can add to the discussion we've already had, except on the question of jurisdiction. I also would like to mention the Wilsey case decided by this court in August 2008, which again discussed jurisdiction based on rule of law. And that was a case where the veteran had asserted clear and unmistakable error. The Veterans Court said there was no clear and unmistakable error, and this court said they didn't go through any of the factors, they gave no basis for that, and because of that, this court had jurisdiction. Now, Mr. Hockey is right, is he not, that if we sent it back to the Court of Veterans Claims, even if they came up with a wildly erroneous determination that the case had been abandoned, we still wouldn't have jurisdiction to review that on appeal here, right? That would depend upon the basis for the Veterans Court decision. I would hate to say there's absolutely no basis to appeal without looking to see what the basis of the decision was. I do believe, however, that this court has jurisdiction to look at this, and as I think everyone agrees, the government as well as us, and apparently this court, from the discussion we've heard, there was no basis to not remand this accrued benefits. Under 7261, that should have gone back, as well as the DIC claim. Does the court have any further questions? Thank you, Ms. Wischler. We'll take the case under advisement.